# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JASON PRECHTEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FEDERAL COMMUNICATIONS | ) |
| COMMISSION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

1. Plaintiff JASON PRECHTEL, brings this suit to overturn Defendant FCC's refusal to conduct a timely search and produce records related to online comments submitted to the FCC regarding the agency's proposal to change the regulatory classification of broadband internet, and the potential resulting destruction of the internet's current "Net Neutrality"-based guiding principle.

## PARTIES

2. PRECHTEL is a freelance journalist and the FOIA requester in this case.

3. Defendant FCC is a federal agency subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

4. This case is brought under 5 U.S.C. § 552(a)(6)(c)(i) and presents a federal question conferring jurisdiction on this Court.

5. Venue is proper under 5 U.S.C. §552(a)(4)(B) because the defendant is located in this district.

## BACKGROUND

6. On April 27, 2017 the Federal Communications Commission (FCC) announced a proposal ("Restoring Internet Freedom," Proceeding 17-108) to reclassify broadband Internet Service Providers (ISP) from "common carriers" under Title II of the Communications Act of 1934 to classification under Title I. Many people believe this change would result in the end of "Net Neutrality" – the regulatory principle currently in place that every ISP should provide equal access to all web data for all users, including websites, applications, audio/video streaming, and file downloading.

7. FCC invited the public to comment on this proposal to help shape its final decision, and provided three online options: (1) submitting a single comment on their website, (2) submitting bulk comments by uploading an FCC-provided .CSV file (spreadsheet) template with an e-mail address, or (3) sending bulk comments through the agency's Public API (Application Programming Interface) by using a uniquely-identifying access code called an "API key" that the submitter needed to register for at Data.gov. Since May, media outlets have reported allegations that possibly millions of fake and fraudulent comments have been filed. Meanwhile, there have been conflicting reports (and calls for federal investigations by members of Congress) over whether a claimed "cyberattack" on the FCC commenting system on May 7th-8th involving automated "bots" using the API to repeatedly post fake comments and clog up space in the system to prevent human comment filings really happened. Thus, the first step in verifying either of these stories - and determining the overall integrity of the FCC Electronic Comment Filing System (ECFS) itself - is to find out who used the FCC's bulk commenting tools and when.

## JUNE 4 FOIA REQUEST

8. On June 4, 2017, PRECHTEL requested from FCC (1) all public API keys, including associated registration names and e-mail addresses, used to submit online comments relating to Proceeding 17-108, "Restoring Internet Freedom," and copies of all data files submitted through these API keys for the same, (2) logs of all dates and times that those API keys were used to submit comments, (3) the email addresses associated with .CSV comment uploads, along with all .CSV files uploaded in response to Proceeding, (4) logs of all dates and times the email addresses submitted comments, and (5) all email inquiries to ECFSHelp@fcc.gov regarding .CSV comment submissions to the Proceeding. A true and correct copy of the request is attached as Group Exhibit A.

9. On June 4, 2017, FCC confirmed receipt of the request. Group Exhibit A.

10. On June 14, 2017, FCC Associate Chief Information Officer Kevin P. Baker emailed PRECHTEL informing him that the agency extended its response deadline to July 18, 2017. Group Exhibit A.

11. On July 19, 2017, having received no response, PRECHTEL followed up with Baker and FCC FOIA Public Liaison Stephanie Kost inquiring as to when he could expect to receive a response to his request. Group Exhibit A.

12. As of the date of filing, FCC has not responded to PRECHTEL or produced any responsive records.

## COUNT I – VIOLATION OF FOIA

13. The above paragraphs are incorporated herein.

14. Defendant FCC is an agency subject to FOIA.

15. The requested records are not exempt under FOIA.

16. Defendant FCC has refused to conduct a reasonably timely search for the records.

**WHEREFORE,** PRECHTEL asks the Court to:

    i.    Order FCC to produce the requested records;

    ii.    Award PRECHTEL attorney fees and costs; and

    iii.    Enter any other relief the Court deems appropriate.

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiff
JASON PRECHTEL

Matthew Topic
Joshua Burday
LOEVY & LOEVY
311 N. Aberdeen, Third Floor
Chicago, IL 60607
(312) 243-5900
foia@loevy.com